UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.

WILFREDO DE JESUS RODRIGUEZ CAMPERO,
        Petitioner


            v.


KENNETH HOOVER,
in his official capacity as Warden of the
Northeast Ohio Correctional Center

GARRETT J. RIPA,
in his official capacity as Field Office Director,
U.S. Immigration and Customs Enforcement (ICE),
Enforcement and Removal Operations,
Miami Field Office (Orlando Area Office);

KRISTI NOEM,
in her official capacity as Secretary of theUnited States
Department of Homeland Security;
        Respondents.

---

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
AND COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Petitioner, by and through undersigned counsel, files this consolidated and merged Petition for Writ of Habeas Corpus and Emergency Injunctive Relief, integrating the factual allegations, legal claims, and Rule 65 showing previously pled, and states:

## I. INTRODUCTION

1. This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the ongoing and unlawful detention of Petitioner Wilfredo De Jesus Rodriguez Campero at the Northeast Ohio Correctional Center in Youngstown, Ohio.

2.  Petitioner is confined without any criminal charges, without a judicial warrant, and without lawful authority, solely based on an ICE immigration detainer—an administrative request that does not authorize detention.

3.  Respondents have transferred Petitioner to ICE custody at the Northeast Ohio Correctional Center, which irreparably deprives him of liberty and risks frustrating this Court's habeas jurisdiction.

4.  Petitioner seeks immediate release and emergency injunctive relief preserving the status quo pending adjudication of this habeas action.

## II. JURISDICTION AND VENUE

5.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6.  This Court is authorized to grant the writ and to dispose of the matter as law and justice require.

7.  Although petitioner has been transferred by ICE to the state of Ohio, Venue is proper in this District because Petitioner was originally unlawfully detained in Orange County, Florida, since his initial detention on January 30, 2026 up until February 6th, 2026 before being transferred to Ohio.

8.  Petitioner was unlawfully held at the Orange County Jail past the 48-72 hour mark and never released. Therefore, the constitutional injury originated within the Middle District of Florida.

9.  Upon undersigned counsel's representation of numerous immigrant detainees unlawfully held at the Orange County Jail, counsel has observed a recurring pattern whereby detainees are transferred out of the district shortly after undersigned counsel secures judicial relief and release for similarly situated individuals, raising serious concerns that such transfers are being used to evade meaningful judicial review.

10. On the same day the Court ordered the immediate release of Petitioner's nephew in Fanderson Uzcátegui, Case No. 6:26-cv-00183, Petitioner was arrested. Rather than being transferred to the Alligator Alcatraz facility or the Broward Transitional Center, Petitioner was immediately removed to another state after having been unlawfully detained at the Orange County Jail for more than 72 hours.

11. Upon information and belief Petitioner is not subject to expedited removal under §1225(b)(1), nor a final order of removal.

### III. PARTIES

12. Petitioner Wilfredo De Jesus Rodriguez Campero is a national of Venezuela lawfully present in the United States via pending immigration proceedings, currently detained at the Northeast Ohio Correctional Center in Youngstown, Ohio.

13. Respondent Louis A. Quinones, Jr. is the Warden of the Orange County Jail, responsible for Petitioner's day-to-day confinement when he was originally detained in the middle district.

14. Respondents DHS, ICE, and the ICE Orlando Field Office Director are responsible for civil immigration enforcement and the detainer at issue.

### IV. CUSTODY AND EXHAUSTION

15. Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

16. No adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. Exhaustion is not required and would be futile.

### V. FACTUAL ALLEGATIONS

17. On January 30th, 2026, Petitioner was arrested in central Florida by an unknown law enforcement official on the stated basis that he was allegedly "undocumented."

18. No criminal charges were filed. No probable cause affidavit exists. No judicial warrant was issued.

19. Petitioner remained confined at the Orange County Jail without any written notice explaining the legal basis for his detention, from January 30th, up until his transfer out of the Orange County Jail to the Northeast Ohio Correctional Center on February 6, 2026.

20. Upon information and belief, the sole basis for confinement is an ICE immigration detainer issued under 8 C.F.R. § 287.7.

21. Petitioner is lawfully present in the United States, possesses a valid Florida driver's license, Social Security number, employment authorization, has a pending asylum application, and was previously Approved Temporary Status. Petitioner was Paroled into the United States with Reporting Requirements and issued a Notice to Appear, for which he is still awaiting a hearing to be scheduled before the Executive Office for Immigration Review. **See Exhibit A**

22. Respondents have transferred Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## VI. LEGAL FRAMEWORK AND CLAIMS

A. Habeas Relief Is Available for Unlawful Civil Detention

23. Habeas relief under § 2241 extends to unconstitutional restraints on liberty imposed by state actors acting under color of federal authority.

B. ICE Detainers Do Not Authorize Local Detention

24. An ICE detainer is a request, not a warrant, and confers no independent authority to detain an individual.

25. Detention based solely on a detainer violates the Fourth Amendment and due process.

C. Fourth Amendment – Unreasonable Seizure

26. Petitioner's detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure.

D. Fifth and Fourteenth Amendments – Due Process

27. Petitioner has been deprived of liberty without notice, hearing, or lawful process.

E. Ultra Vires Detention

28. Local jail officials lack authority to effectuate civil immigration detention absent lawful federal process.

## VII. EMERGENCY INJUNCTIVE RELIEF (RULE 65)

29. Petitioner incorporates all prior allegations as if fully set forth herein.

30. Temporary and preliminary injunctive relief are warranted because Petitioner satisfies all four required elements under Eleventh Circuit precedent:

**A. Substantial Likelihood of Success on the Merits**

31. Petitioner is detained without criminal charges, without a judicial warrant, and solely on the basis of an ICE detainer, which is expressly defined by federal regulation as a request and not a command. See 8 C.F.R. § 287.7.

32. Numerous federal courts have held that detention based solely on an ICE detainer violates the Fourth Amendment and due process, and local jailers lack independent authority to effectuate civil immigration detention.

33. Federal courts across the country have overwhelmingly rejected the Government's position that noncitizens who entered through the border and are lawfully present— whether through Temporary Protected Status ("TPS"), parole, or pending asylum—are subject to mandatory detention without judicial review. Instead, courts have repeatedly

held that such individuals are detained, at most, under 8 U.S.C. § 1226(a) and are therefore entitled to habeas relief in the form of release or a bond hearing.

34. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026), the court squarely rejected the Government's mass-detention theory and held that the petitioner—who, like Petitioner here, was lawfully present and not subject to removal— was entitled to habeas relief and a bond hearing. The Reyes court further observed the extraordinary and lopsided judicial consensus rejecting the Government's position, noting:

   "As of January 5, 2026, 308 judges have ruled against the Government's mass detention policy — ordering release or bond hearings in more than 1,600 cases — while just 14 judges have sided with the Government's position." *Id.*

35. This stark statistic is not merely persuasive—it is dispositive evidence that the Government's detention theory is an extreme outlier that has been repeatedly repudiated by the federal judiciary. Courts have consistently recognized that lawful presence forecloses detention based solely on immigration status, and that detention without a warrant, criminal charge, or bond hearing violates both the Fourth Amendment and due process.

36. The Middle District Court of Florida has expressly adopted this reasoning in Gimenez Rivero 6:26-cv-00066-RBD-NWH. In granting temporary restraining order relief in a materially indistinguishable habeas case, the Court recognized that noncitizens with TPS and/or pending asylum applications are not subject to mandatory detention, and that continued confinement without a bond hearing is likely unlawful. The Court relied on Reyes as persuasive authority and emphasized that individuals in Petitioner's position are, at minimum, entitled to habeas relief and judicial review of custody.

37. Here, as in Reyes, Rivero and the more than 1,600 cases nationwide rejecting the Government's position, Petitioner is lawfully present in the United States, is not subject to removal, and is being detained without criminal charges, without a judicial warrant, and without any statutory authority permitting mandatory detention. Given the overwhelming judicial consensus, Petitioner has demonstrated far more than a "substantial likelihood" of success—he has shown that the Government's detention theory has been nearly universally rejected by federal courts.

## B. Irreparable Harm

38. The loss of physical liberty constitutes irreparable harm as a matter of law. Each additional day of unlawful confinement inflicts harm that cannot be remedied by monetary damages.

39. Transfer to ICE custody would irreversibly alter Petitioner's custodial status, subject him to continued civil detention without judicial process, and risk mooting or frustrating this Court's habeas jurisdiction.

## C. Balance of Harms

40. The balance of equities weighs decisively in Petitioner's favor. Enjoining transfer merely preserves the status quo and imposes minimal burden on Respondents.

41. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful detention and the risk of jurisdictional evasion through transfer.

## D. Public Interest

42. The public has a compelling interest in ensuring that detention occurs only pursuant to lawful authority and constitutional safeguards.

43. Preserving the status quo while this Court adjudicates the legality of Petitioner's detention advances, rather than undermines, the public interest.

## VIII. RULE 65(b)(1) CERTIFICATION OF NOTICE

Undersigned counsel certifies that Respondents were provided notice of this action and the emergency relief sought via electronic mail.

## IX. SWORN DECLARATION OF COUNSEL

I, Phillip Arroyo, declare as follows:

44. I am an attorney licensed to practice law in the State of Florida and before this Court, and I am counsel of record for Petitioner, Wilfredo De Jesus Rodriguez Campero, in this habeas corpus action.

45. I make this declaration based on my personal knowledge, my communications with Petitioner, his immigration attorney, family and information obtained in the course of representing Petitioner.

46. I have reviewed and prepared the foregoing Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Emergency Request for Temporary Restraining Order and Preliminary Injunction.

47. To the best of my knowledge, information, and belief, the factual allegations contained in the Petition are true and correct, including but not limited to the following:

    1. Petitioner is confined at the Northeast Ohio Correctional Center in Youngstown, Ohio;

    2. Petitioner has not been charged with any criminal offense, has not been served with a criminal warrant, and has not received any judicial probable-cause determination authorizing his continued detention;

3. Petitioner's continued confinement is based solely on an ICE immigration detainer or hold request, which is an administrative request and not a judicial warrant;

4. Petitioner has a pending asylum application and has been issued federal employment authorization, and is not detained pursuant to any final order of removal;

5. Petitioner's transfer from the Orange County Jail to ICE custody, materially interferes with this Court's jurisdiction and Petitioner's access to counsel.

48. This sworn declaration is submitted in support of the emergency relief requested, including the Temporary Restraining Order and Preliminary Injunction, and to comply with Federal Rule of Civil Procedure 65(b)(1)(A), which requires that the facts supporting emergency relief be shown by verified statement.

I declare under penalty of perjury that the foregoing is true and correct.

## VIII. REQUESTED RELIEF

Petitioner respectfully requests that the Court:

a.) Issue a writ of habeas corpus directing Respondents to immediately release Petitioner;

b.) Declare that Petitioner's detention based solely on an ICE detainer is unlawful;

c.) Order the return of petitioner and expedited proceedings under 28 U.S.C. § 2243;

d.) Grant such other relief as the Court deems just and proper.

## <ins>CERTIFICATE OF SERVICE</ins>

I hereby certify that on February 10th 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net,OCCDRecords@ocfl.net, michele.carpentiere@ocfl.net ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709

<ins>/s/ Phillip Arroyo</ins>

PHILLIP ARROYO, ESQ.
Florida Bar No. 1022409
Phillip@ChillCallPhil.com
Josephine@ChillCallPhil.com

Attorney for Defendant

# EXHIBIT A

# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES



| Receipt Number | USCIS Account Number | Case Type |
|---|---|---|
| IOE9808042054 | 025833346198 | I765 - APPLICATION FOR EMPLOYMENT AUTHORIZATION |
| **Received Date** | **Priority Date** | Applicant A220 447 280 |
| 02/01/2025 | 02/01/2025 | RODRIGUEZ CAMPERO, WILFREDO DE JESUS |
| **Notice Date** | **Page** | |
| 08/19/2025 | 1 of 1 | |

RODRIGUEZ CAMPERO, WILFREDO DE JESUS
3701 CASTLE PINES LN APT 3924
ORLANDO  FL  32839-3540

**Notice Type:** Approval Notice
Class: C08
Valid from 08/18/2025 to 08/17/2030

**We have approved your application for employment authorization.** We will send your Employment Authorization Document (EAD) (also known as an EAD card or Form I-766) to you separately. Your EAD card should be produced within one to two weeks. Your EAD card will be mailed via U.S. Postal Service (USPS) Priority Mail with Delivery Confirmation to the address you designated. The time frame in which you will receive your EAD card may vary, depending on USPS delivery times. Please allow a total of 30 days from approval before inquiring with USCIS. We encourage you to use Case Status Online https://egov.uscis.gov/ to find your USPS tracking number for EAD card delivery. If you have not received your EAD card within this time frame, please visit https://egov.uscis.gov/e-request/Intro.do for instructions on how to submit an inquiry.

Your EAD card is proof that you are allowed to work in the United States. Show the card to your employer to verify your authorization to work during the dates on the card. You cannot use this approval notice as proof of your employment authorization.

When you receive your EAD card, please check that all the information on the card is correct. If you need to change any information on the card, please mail all of the following to the office listed below:

- A letter explaining what information needs to be corrected,
- Your EAD card,
- A photocopy of this notice, and
- Evidence to show what the correct information should be. For example, if you need to correct your name, submit a copy of your birth certificate or official name change.

If You Have a Pending Form I-485

If you have a pending or approved Form I-140 and a pending Form I-485, you may request to change employers if your Form I-485 has been pending for at least 180 days. In order to do so, you need to submit documentation about your new job offer. For more information on how to request a change of employers and what information you must submit, please visit the USCIS website at www.uscis.gov.

If your EAD card expires before we make a final decision on your Form I-485, you may apply for a new EAD card.

**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA OR EVIDENCE OF EMPLOYMENT AUTHORIZATION.**

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

SCOPS TEXAS FACILITY
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N BELT LINE RD.
IRVING TX 75038-0001

USCIS Contact Center: www.uscis.gov/contactcenter

FORM I-797 [REV. 08/01/16]

# THE UNITED STATES OF AMERICA

## I-797A | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY U.S. CITIZENSHIP AND IMMIGRATION SERVICES



| Receipt Number | USCIS Account Number | Case Type |
|---|---|---|
| IOE9552797211 | 025833346198 | I821 - APPLICATION FOR TEMPORARY PROTECTED STATUS |
| Received Date | Priority Date | Applicant A220 447 280 |
| 02/24/2024 | 02/24/2024 | RODRIGUEZ CAMPERO, WILFREDO DE JESUS |
| Notice Date | Page | |
| 10/04/2024 | 1 of 2 | |

RODRIGUEZ CAMPERO, WILFREDO DE JESUS
3701 CASTLE PINES LN APT 3924
ORLANDO FL 32839

**Notice Type:** Approval Notice
Valid from: 10/04/2024 to 04/02/2025

You have been granted Temporary Protected Status (TPS) under section 244 of the Immigration and Nationality Act. The benefits of TPS are temporary protection from removal (or deportation), employment authorization in the United States, and the opportunity to apply for travel authorization.

Attached to this notice is a Form I-94 indicating your Temporary Protected Status in the United States. The I-94 is valid until the expiration date shown on it.

If you requested an employment authorization document (EAD) pursuant to your registration for TPS, you will receive a separate notice containing the decision on that request. If your EAD request is approved, you will be issued an EAD that will be valid until the expiration date shown on the EAD itself. The EAD will serve as evidence of your TPS and employment authorization.

If the TPS designation is extended, you must re-register with U.S. Citizenship and Immigration Services (USCIS) within the time period designated for re-registration. If you wish to obtain an EAD valid for the time period of the extended TPS designation, you must also apply for an EAD during the filing period(s) described in the applicable Federal Register notice (FRN). The FRN notice will provide guidance on required forms and application fees to re-register for TPS and to apply for a new EAD. You should also pay close attention to any future FRNs issued by USCIS regarding your country's TPS, including any information that may be included in such notices about possible automatic extensions of the validity date(s) on EADs.

Failure to re-register during a TPS extension re-registration period may result in the withdrawal of your TPS and may result in removal proceedings being initiated against you.

While you are under Temporary Protected Status, you:

   (1)  will not be removed from the United States;

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

USCIS TSC
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd. STE 114
Irving TX 75038-0015

USCIS Contact Center: www.uscis.gov/contactcenter

PLEASE TEAR OFF FORM I-94 PRINTED BELOW AND STAPLE TO ORIGINAL I-94 IF AVAILABLE

Detach This Half for Personal Records

**Receipt** IOE9552797211
**I-94#**
**NAME** RODRIGUEZ CAMPERO, WILFREDO DE JESUS
**CLASS**

**VALID FROM** 10/04/2024 **UNTIL** 04/02/2025

**APPLICANT:** RODRIGUEZ CAMPERO, WILFREDO DE JESUS
3701 CASTLE PINES LN APT 3924
ORLANDO FL 32839

**Receipt Number** IOE9552797211
**United States Citizenship and Immigration Services**

**I94 Departure Record**

| 14 Family Name | |
|---|---|
| RODRIGUEZ CAMPERO | |
| 15 First (Given) Name | 16 Date of Birth |
| WILFREDO | 11/21/1985 |
| 17 Country of Citizenship | |
| VZ | |

FORM I-797A [REV. 08/01/16]



## THE UNITED STATES OF AMERICA

## I-797A | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | USCIS Account Number | Case Type |
|---|---|---|
| IOE9552797211 | 025833346198 | I821 - APPLICATION FOR TEMPORARY PROTECTED STATUS |
| Received Date | Priority Date | Applicant  A220 447 280 |
| 02/24/2024 | 02/24/2024 | RODRIGUEZ CAMPERO, WILFREDO DE JESUS |
| Notice Date | Page | |
| 10/04/2024 | 2 of 2 | |

(2)  have work authorization and will be granted evidence of work authorization, if you have submitted an EAD request with the required fee, that is valid until the expiration of the time period designated for your Temporary Protected Status;

(3)  will be considered as being in, and maintaining, lawful status as a nonimmigrant for purposes of adjustment of status under section 245 of the Act and for change of status under section 248 of the Act;

(4)  will not be considered to be permanently residing in the United States under the code of law;

(5)  may be deemed ineligible for public assistance by a state or any political subdivision thereof which furnishes such assistance; and

(6)  may not depart the United States without prior approval of the Attorney General of the United States.

PLEASE NOTE: As long as you remain eligible for Temporary Protected Status and you maintain your status by complying with the registration requirements, you will be allowed to remain and work in the United States until the end of the period of the time designated for your Temporary Protected Status.

NOTICE: Although this application/petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify the information submitted in this application, petition and/or supporting documentation to ensure conformity with applicable laws, rules, regulations, and other authorities. Methods used for verifying information may include, but are not limited to, the review of public information and records, contact by correspondence, the internet, or telephone, and site inspections of businesses and residences. Information obtained during the course of verification will be used to determine whether revocation, rescission, and/or removal proceedings are appropriate. Applicants, petitioners, and representatives of record will be provided an opportunity to address derogatory information before any formal proceeding is initiated.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

USCIS TSC
U.S. CITIZENSHIP & IMMIGRATION SVC
6046 N Belt Line Rd. STE 114
Irving TX 75038-0015

USCIS Contact Center: www.uscis.gov/contactcenter



INTENTIONALLY LEFT BLANK
Detach This Half for Personal Records
INTENTIONALLY LEFT BLANK
Receipt
INTENTIONALLY LEFT BLANK
NAME
INTENTIONALLY LEFT BLANK
INTENTIONALLY LEFT BLANK
APPLICANT:
INTENTIONALLY LEFT BLANK
INTENTIONALLY LEFT BLANK

INTENTIONALLY LEFT BLANK
Receipt Number
INTENTIONALLY LEFT BLANK
Services
INTENTIONALLY LEFT BLANK
I94 Departure Record
INTENTIONALLY LEFT BLANK
14 Family Name
INTENTIONALLY LEFT BLANK
15 First (Given) Name
INTENTIONALLY LEFT BLANK
17 Country of Citizenship
INTENTIONALLY LEFT BLANK

FORM I-797A [REV. 08/01/16]



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

| THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT. |
|---|

| Receipt Number<br>ZMI2356607200 | | Case Type<br>I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL | |
|---|---|---|---|
| Received Date<br>08/09/2022 | Priority Date | Applicant A220 447 280<br>RODRIGUEZ CAMPERO, WILFREDO DE JESUS | |
| Notice Date<br>01/13/2023 | Page<br>1 of 1 | | |

| WILFREDO RODRIGUEZ CAMPERO<br>3701 CASTLE PINES LN<br>APT. 3924<br>ORLANDO FL 32839 | **Notice Type:** Receipt Notice |
|---|---|

*** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 Application for Asylum and Withholding of Removal was received and is pending as of 08/09/2022.

You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from USCIS. If you change your address, send written notification of the change within 10 days to the Asylum Office at the below address or using the USCIS Online Change of Address system at https://egov.uscis.gov/coa/displayCOAForm.do.

You will receive a notice informing you when you and those listed on your application as a spouse or child dependents must appear at an Application Support Center (ASC) for biometrics collection. You will also receive a notice informing you when you and those listed on your application as a spouse or dependents must appear for an asylum interview. Those notices will contain instructions for what to bring to your ASC appointment and what to bring to your asylum interview.

WARNING: Failure to appear at the ASC for biometrics collection or for your asylum interview may affect your eligibility for employment authorization, and may also result in the dismissal of your asylum application or referral of your asylum application to an immigration judge.

NOTE FOR INDIVIDUALS WHO HAVE MADE *VANGALA* SETTLEMENT AGREEMENT FILING DATE REQUESTS: If you are receiving this notice after asking USCIS to amend your Form I-589 receipt date under the *Vangala* Settlement Agreement (i.e., "No Blank Space Rejection Policy"), USCIS has changed your receipt date to the date listed above in our systems. If you are in removal proceedings, USCIS has informed the immigration court and the U.S. Immigration and Customs Enforcement Office of the Principal Legal Advisor (ICE OPLA) field office with jurisdiction over your asylum application of this change.

Applicant(s):

| Alien Number | Name |
|---|---|
| A220 447 280 | RODRIGUEZ CAMPERO, WILFREDO |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

Miami Asylum Office
U.S. CITIZENSHIP & IMMIGRATION SVC
1501 Biscayne Blvd, Suite 300
Miami FL 33132



USCIS Contact Center: www.uscis.gov/contactcenter

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C   10/13/21





**U.S. Department of Homeland Security**
**U.S. Immigration and Customs Enforcement**
Office of the Principal Legal Advisor
12445 East Caley Avenue
Centennial, Colorado 80111

Date:       09/16/2021

To: U.S. Department of Justice
Executive Office for Immigration Review
3130 North Oakland Street
Aurora, CO 80010

Re: Rodriguez-Campero, Wilfredo De Jesus          A220 447 280
_____                              _____
Alien Name                                        Alien Number

This notice serves to advise the U.S. Department of Justice, Executive Office for Immigration Review (EOIR), that the Department of Homeland Security, Immigration and Customs Enforcement, is detaining the respondent pursuant to section 235(b)(1) of the Immigration and Nationality Act. However, as a result of the nationwide preliminary injunction in *Padilla v. ICE*, No. 18-928, 2019 WL 2766720 (W.D. Wash. July 2, 2019), ECF No. 149, *appeal docketed*, No. 19-35565 (9th Cir. July 3, 2019), *Padilla* class members are entitled to a bond hearing before the EOIR. This notice is provided only at the request and for the convenience of the EOIR.

_____
(Signature of Assistant Chief Counsel)

| 1. FAMILY NAME (Capital Letters)    First Name         Middle Name | | 2. Age | 3. Country of Citizenship | |
|---|---|---|---|---|
| Rodriguez-Campero, Wilfredo De Jesus | | 35 | Venezuela | |
| 4. Alias | | 5. Date Apprehended | | 6. Office DVS |

| 7. Birth Date   11/21/1985 | 8. Birth Place | |
|---|---|---|
| 9. Sex   [ ] Male    ☐ Female | 10. OSC/WA Served   ☐ Yes   ☐ No   (Explain) | |
| 11. File Number   A220 447 280 | 12. Bond   Date Posted   $ | |
| 13. CINS   ☐ Yes   ☒ No | 14 Medical Alert   ☒ No   ☐ Yes   (Explain) | 14 A. |

| 15. TRANSFER DATE | FROM | TO |
|---|---|---|
| A | | |
| B | | |
| C | | |

| 16. ADMITTED BY: | 19. RELEASED TO: ☐ V/R   ☐ Deport | 22. Rt. Index Print – In | 23. Rt. Index Print - Out |
|---|---|---|---|
| 17. SEARCHED IN BY: | 20. RELEASED BY: | | |
| 18. DATE ADMITTED: | 21. DATE RELEASED: | | |
| 24. Remarks: | | | |

FORM I-385 (08/01/07)              ALIEN BOOKING RECORD
UNITED STATES DEPARTMENT OF HOMELAND SECURITY

Notice Authorizing Parole
Page 2

Continuation Page for Interim Notice Authorizing Parole

To: Rodriguez-Campero, Wilfredo De Jesus

    2029 Chatham Place Drive
    Orlando, FL 32824
    407-732-3214

Date: 09/16/2021
File:   A# 220 447 280
Bond: **(Parole with Reporting Requirements)**

You have been released from service custody pending a final decision in your exclusion/deportation hearing. It is understood that you will be residing at the above address. As stated on the previous page, you are required to notify the Immigration Judge (at the address shown below) of any address correction or address change. When doing so, be sure to include your name and the File Number shown above in your written communication. The attached form, EOIR-33 can be used for this purpose.

Court Address
Office of the Immigration Judge

3535 Lawton Rd. Suite 200,
Orlando, FL 32803

You must report in person to: Non-Detained Office/ATD Office    phone: (407) 440-5100

At: Orlando Sub Office
9495 Delegates Drive
Orlando, FL 32837

On: 10/20/2021 at 8:00 am



PHOTO                                       RIGHT INDEX

## DEPARTMENT OF HOMELAND SECURITY

### NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:

File No: A 220 447 280

In the Matter of:
Respondent: RODRIGUEZ-CAMPERO, Wilfredo De Jesus _____ currently residing at:

Denver Contract Detention Facility, 3130 North Oakland Street, Aurora, CO 80010
_____
(Number, street, city, state and ZIP code)          (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1) You are not a citizen or national of the United States;
2) You are a native of Venezuela and citizen of Venezuela;
3) You entered the United States at an unknown location on or about 8/10/2021;
4) You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document;
5) You were not then admitted or paroled after inspection by an immigration officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

Section 212(a)(6)(A)(i) of the Act, as amended, as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than as designated by the Attorney General.

☒ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:      ☐ 8CFR 208.30      ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

Denver Service Processing Center, 3130 North Oakland Street, Aurora, CO 80010
_____
(Complete Address of Immigration Court, including Room Number, if any)

on ___TBD___ at ___TBD___ to show why you should not be removed from the United States based on the
        (Date)              (Time)

charge(s) set forth above.          JMaalona          Supervisory Asylum Officer
                                    (Signature and Title of Issuing Officer) (Sign in ink)

Date: 9/15/2021 _____          Metairie, LA
                                    (City and State)

DHS Form I-862 (2/20)                                          Page 1 of 3