UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILFREDO DEJESUS RODRIGUEZ
CAMPERO,

       Plaintiff,

      v.                         Case No.:  6:26-cv-00338-GAP-NWH

IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
SECRETARY KRISTI NOEM,
DEPARTMENT OF HOMELAND
SECURITY (DHS), KENNETH
HOOVER,

       Defendants,

                                  /

### ORDER TO TRANSFER

This matter came before the Court on Petitioner Wilfredo de Jesus Rodriguez Campero's ("Petitioner's") Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Emergency Injunctive and Declaratory Relief ("Petition"). Respondents have not appeared.

Upon review of the Petition, it is apparent that this Court lacks subject matter jurisdiction. *See* Doc. 1, ¶ 47(1) ("Petitioner is confined at the Northeast Ohio Correctional Center in Youngstown, Ohio"); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that

for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").[1]

However, 8 U.S.C. § 1631 requires that when district courts "find[] that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court…in which the action or appeal could have been brought at the time it was filed or noticed, **and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred**."[2] (emphasis added).

Petitioner maintains that he is being detained unlawfully and seeks emergency injunctive relief in addition to his petition for writ of habeas corpus.[3] *See* Doc. 1, ¶¶ 1-4. Dismissing the Petition would unduly delay adjudication of his important claims. Therefore, the Court finds that it is in the interest of justice to

---

[1] *Rumsfeld v. Padilla*, 542 U.S. 426, 449-50 (2004) ("[T]he dissent cannot cite *a single case* in which we have deviated from the longstanding rule we reaffirm today—that is, a case in which we allowed a habeas petitioner challenging his present physical custody within the United States to name as respondent someone other than the immediate custodian and to file somewhere other than the district of confinement.") (emphasis original).

[2] In other words, Respondents may not shuffle Petitioner around the country to evade federal jurisdiction over his Petition. *See* 28 U.S.C. § 1631. Upon transfer, the Petition shall be deemed filed in the Northern District of Ohio—against Petitioner's immediate custodian and in the district of confinement—on February 10, 2026. *Id.*

[3] Petitioner's claim that he was unlawfully detained by the Orange County Jail past the 48-72 hour mark and never released may present a distinct cause of action under 28 U.S.C. § 1983, but because he is no longer being detained there, it is not relevant to his instant habeas petition. *See, e.g.*, *White v. DeKalb County*, 665 F.App'x 795, 797 (11th Cir. 2016).

expeditiously transfer the Petition to the sole district with jurisdiction to consider it: the Northern District of Ohio. *See* § 1631.

Accordingly, it is **ORDERED** that the Clerk is **DIRECTED** to **TRANSFER** Petitioner's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive and Declaratory Relief **to the Eastern Division of the Northern District of Ohio.**

Thereafter, the Clerk may close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 11, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 3 -