**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILFREDO DE JESUS RODRIGUEZ CAMPERO, | ) ) ) | CASE NO. 4:26-CV-00351-JRK |
| | ) ) | JUDGE JAMES R. KNEPP II UNITED STATES DISTRICT JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE CARMEN E. HENDERSON |
| IMMIGRATION & CUSTOMS ENFORCEMENT (ICE), KRISTI NOEM, DEPARTMENT OF HOMELAND SECURITY (DHS), ESTATE OF KENNETH HOOVER, | ) ) ) ) ) ) | **ORDER TO SHOW CAUSE** |
| Defendants, | ) | |

On February 10, 2026, Petitioner Wilfredo de Jesus Rodriguez Campero, through counsel Phillip H. Arroyo, filed a Petition for Writ of Habeas Corpus and Emergency Injunctive Relief in the United States District Court for the Middle District of Florida, challenging his detention by United States Immigration and Customs Enforcement. (ECF No. 1). Because Petitioner was confined within the Northern District of Ohio when the petition was filed, the Middle District of Florida transferred the case to this District on February 11, 2026. (ECF No. 4).

Following the transfer, on February 12, 2026, a Notice entered on the docket advised Attorney Arroyo that there was no record of him being admitted to practice in the Northern District of Ohio. Accordingly, Arroyo was advised to submit an application for admission to practice or a motion to be admitted pro hac vice within ten business days or, alternatively, to file a motion to withdraw as attorney within the same time. To date, Arroyo has failed to apply for admission or file a motion to withdraw.

Pursuant to Local Rule 83.5(a), "[n]o person shall be permitted to practice in this Court or before any officer thereof as an attorney or to … conduct … any action, proceeding, or claim in which such person is not a party concerned … unless he or she has been previously admitted to the Bar of this Court." Here, Arroyo's failure to move for admission means that he is not authorized to continue to represent Petitioner in this action. However, Arroyo has also failed to move to withdraw such that it is unclear whether Petitioner has had an opportunity to seek other counsel or advocate for his own interests.

Accordingly, within three (3) days of this Order, Attorney Arroyo is ORDERED to show cause why this action should not be dismissed for failure to prosecute based on his failure to properly move for admission or withdrawal.[1] Arroyo may respond to this Order by filing one of the following: (1) an application for admission, either to the bar of this Court or for this specific action; (2) a motion to withdraw, which clearly indicates any attempts to inform Petitioner of Arroyo's intent to withdraw and whether Petitioner has been provided a copy of the petition and return of writ with exhibits; or (3) a response, supported by case law, indicating why his failure to seek admission or withdrawal should otherwise be excused. Failure to comply with this order may result in a recommendation that the petition be dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 3, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

[1] The Court finds the shortened response window warranted based on Petitioner's request for emergency relief and because Respondents have filed a return of writ and Petitioner's deadline to reply, *see* ECF No. 9, has expired such that the Petition is ripe for ruling.