**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILFREDO DE JESUS RODRIGUEZ CAMPERO, | ) CASE NO. 4:26-CV-00351-JRK |
| | ) |
| | ) JUDGE JAMES R. KNEPP II |
| Plaintiff, | ) UNITED STATES DISTRICT JUDGE |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) CARMEN E. HENDERSON |
| IMMIGRATION & CUSTOMS | ) |
| ENFORCEMENT (ICE), KRISTI NOEM, | ) **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF HOMELAND | ) |
| SECURITY (DHS), ESTATE OF KENNETH | |
| HOOVER, | |
| | |
| Defendants, | |

## I.     Introduction

Pending before the Court is Petitioner Wilfredo de Jesus Rodriguez Campero's Petition for Writ of Habeas Corpus and Emergency Injunctive Relief, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (ECF No. 1). The matter was referred to the undersigned for report and recommended decision. (ECF No. 8). For the reasons set forth below, it is RECOMMENDED that the Court DISMISS the petition without prejudice.

## II.     Background

Petitioner "is a national of Venezuela lawfully present in the United States via pending immigration proceedings." (ECF No. 1 at ¶ 12). Petitioner entered the United States on August 10, 2021, and was encountered by the United States Customs and Border Patrol ("CBP). (ECF No. 11-1 at ¶ 5). "CBP processed him for expedited removal and issued a notice and order of expedited removal." (*Id.*). Because Petitioner claimed fear of return to Venezuela, he was referred to the Asylum Office. (*Id.*). On September 15, 2021, the Asylum Office determined Petitioner

had a credible fear of persecution and issued him a Notice to Appear on a date to be determined for removal proceedings. (*Id.*; *see* ECF No. 11-3). The next day, Petitioner was released on "interim parole valid for one year." (ECF No. 11-1 at ¶ 7).

Petitioner applied for Temporary Protected Status ("TPS") and was granted such status through April 2, 2025. (ECF No. 11-1 at ¶ 8). Petitioner sought to extend his TPS but TPS was terminated for Venezuela as of May 19, 2025. (*Id.* at ¶ 9).

On January 30, 2026, Petitioner was arrested in central Florida by an unknown law enforcement official "on the stated basis that he was allegedly 'undocumented.'" (ECF No. 1 at ¶ 17). Petitioner remained incarcerated in the Orange County Jail until February 6, 2026, when he was transferred to the Northeast Ohio Correctional Center ("NEOCC"). (*Id.* at ¶ 19). He remains incarcerated at NEOCC. (ECF No. 11-1 at ¶ 4).

Petitioner received a new Notice to Appear on February 9, 2026, charging him as being subject to removal and ordering him to appear for a hearing on February 26, 2026. (ECF No. 11-4). On March 5, 2026, an Immigration Judge issued an order of removal finding Petitioner was removable/inadmissible as charged in the February 9 Notice to Appear. (ECF No. 11-5). The removal order indicated that both Petitioner and DHS waived the right to appeal. (*Id.*).

### III.    Procedural History

On February 10, 2026, Petitioner, through counsel Phillip H. Arroyo, filed the instant petition for habeas corpus and request for emergency injunctive and declaratory relief in the United States District Court for the Middle District of Florida. (ECF No. 1). Because Petitioner was confined within the Northern District of Ohio at the time the petition was filed, the Middle District of Florida transferred the case to this District on February 11, 2026. (ECF No. 4).

Following the transfer, on February 12, 2026, a Notice entered on the docket advised Attorney Arroyo that there was no record of him being admitted to practice in the Northern District of Ohio. Accordingly, Arroyo was advised to submit an application for admission to practice or a motion to be admitted pro hac vice within ten business days or, alternatively, to file a motion to withdraw as attorney within the same time.  On February 17, 2026, the undersigned issued an Initial Order, instructing Respondents to file a response to the petition.  (ECF No. 9).  After requesting and receiving an extension, Respondents filed their return of writ and motion to dismiss on March 12, 2026.  (ECF No. 11).  No reply was filed.

On April 3, 2026, the undersigned ordered Arroyo to show cause within three days why the action should not be dismissed for failure to prosecute based on his failure to properly move for admission or withdrawal as required by the February 12 Notice.  (ECF No. 12). Arroyo failed to respond to the order to show cause and the deadline to do so has expired.

### IV.    Arguments

Petitioner asserts that he is "confined without any criminal charges, without a judicial warrant, and without lawful authority, solely based on an ICE immigration detainer—an administrative request that does not authorize detention" and he is "not subject to expedited removal under § 1225(b)(1), nor a final order of removal."  (ECF No. 1 at ¶¶ 2, 11).  Petitioner argues his "detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure" in violation of his Fourth Amendment rights and he has "been deprived of liberty without notice, hearing, or lawful process" in violation of the Fifth and Fourteenth Amendments.  (*Id.* at ¶¶ 26-27).  Further, Petitioner argues that "courts across the country have overwhelmingly rejected the Government's position that noncitizens who entered through the border and are lawfully present … are subject to mandatory detention without judicial review" and

have instead "repeatedly held that such individuals are detained, at most, under 8 U.S.C. § 1226(a) and are therefore entitled to habeas relief in the form of release or a bond hearing." (*Id.* at ¶ 35). Thus, "Petitioner seeks immediate release and emergency injunctive relief preserving the status quo pending adjudication of this habeas action." (*Id.* at ¶ 4). In seeking injunctive and declaratory relief, Petitioner specifically seems to be requesting that the Court prevent his transfer to ICE custody. (*See id.* at ¶ 39-40).

Respondents argue that the Court "should deny and dismiss the Petition for lack of subject matter jurisdiction, because circumstances subsequent to the date of the Petition have rendered Plaintiff's cause of action moot." (ECF No. 11 at 1). Specifically, Respondents assert that because Petitioner is now subject to an order of removal, he is subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A). (*Id.* at 5). Thus, Respondent argues that Petitioner's challenge to his pre-removal detention under either 8 U.S.C. §§ 1225 or 1226 is moot such that this Court now lacks jurisdiction. (*Id.* at 6). As to Petitioner's request for emergency injunctive relief and declaratory judgment, Respondents argue such are also moot because Petitioner has already been transferred to ICE custody and NEOCC. (*Id.* at 8).

## V. Discussion

### A. Dismissal for Failure to Prosecute

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Nonetheless, the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* Courts must consider four factors in determining whether dismissal for failure to prosecute is warranted: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the

4

defendants were prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Id.* Dismissal *with prejudice* is usually inappropriate where the neglect is solely the fault of the attorney. *Id.*

Here, while counsel was warned that failure to comply with the order to show cause may result in a recommendation of dismissal, there is no indication that Petitioner himself acted in bad faith or that Respondents have been prejudiced by counsel's actions. Thus, Arroyo's failure to comply is insufficient to justify dismissal *with prejudice*, which would deprive Petitioner "of his day in court due to the inept actions of his counsel." *Carpenter*, 723 F.3d at 704.

However, the undersigned finds dismissal *without prejudice* warranted. Pursuant to Local Rule 83.5(a), "[n]o person shall be permitted to practice in this Court or before any officer thereof as an attorney or to … conduct … any action, proceeding, or claim in which such person is not a party concerned … unless he or she has been previously admitted to the Bar of this Court." Here, Arroyo's failure to move for admission means that he is not authorized to continue to represent Petitioner in this action. However, Arroyo has also failed to move to withdraw such that it is unclear whether Petitioner has had an opportunity to seek other counsel or advocate for his own interests. Arroyo's failure to comply with the order to show cause leaves the Court in a position of uncertainty regarding Petitioner's representation and whether he intends to pursue this action and, because Arroyo is still counsel of record, the Court has no means of communicating with Petitioner except through Arroyo.

Thus, I recommend dismissing the petition without prejudice based on Arroyo's failure to comply with the order to show cause and failure to prosecute.

5

**B. Mootness**

Alternatively, the undersigned addresses Respondents' argument that the petition is moot such that dismissal is warranted.

Under 28 U.S.C. § 2241, district courts have authority to grant writs of habeas corpus to petitioners who show that they are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(a), (c)(3). While Congress has enacted statutes limiting judicial review of certain immigration related decisions, habeas relief remains available to those challenging the constitutionality of their detention. *Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvysdas v. Davis*, 533 U.S. 678, 688 (2001).

Like many before him, Petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a) such that he is entitled, at a minimum, to an individualized bond hearing. (*See* ECF No. 1 at 4-5). Across the country, a dispute has arisen between the government and detained noncitizens following a change in government policy regarding the application of 8 U.S.C. §§ 1226(a) and 1225(b). *See Rodriguez Insua v. Noem*, No. 4:26-CV-437, 2026 WL 668304, at *1 (N.D. Ohio Mar. 10, 2026) (summarizing policy change); *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498-500 (5th Cir. 2026) (providing relevant statutory and policy history). Notably, while § 1226(a) allows for the discretionary release on bond of noncitizens pending a decision on removal absent exceptions regarding criminals, § 1225(b) requires mandatory detention of noncitizens deemed applicants for admission. *Compare* 28 U.S.C. § 1226(a) *with* 28 U.S.C. § 1225(b).

The appellate courts that have addressed this issue regarding the application of §§ 1225 and 1226 have already created a circuit split, with the Seventh Circuit determining that § 1226

6

would likely apply to individuals who were arrested after already being present in the country and the Fifth and Eighth Circuits applying the mandatory detention provisions contained within § 1225 to these individuals.  *Compare Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) *with Buenrostro-Mendez*, 166 F.4th at 502-08 *and Avila v. Bondi*, __ F.4th __, 2026 WL 819258, at *2-6 (8th Cir. Mar. 25, 2026).  The Sixth Circuit heard oral arguments on March 18, 2026, in a group of related cases addressing the lawfulness of detention under 8 U.S.C. § 1225(b)(2).  *See Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir.) (Dkt. Nos. 11, 29).  Courts within this District have largely concluded that the discretionary provisions of § 1226 govern the detention of individuals, like Petitioner, who were present in the country for a period prior to their detention such that their continued detention without a bond hearing violated their right to due process.  *See, e.g., Rodriguez Insua*, 2026 WL 668304, at *1 (Judge Lioi); *Kaur v. Raycraft*, No. 4:25-CV-2679, 2026 WL 709728, at *9-12 (N.D. Ohio Mar. 13, 2026) (Judge Boyko); *Ruiz-Lara v. Raycraft*, No. 1:26-CV-299, 2026 WL 642988, at *6 (N.D. Ohio Mar. 9, 2026) (Judge Gaughan); *Gu v. Noem*, No. 3:26-CV-36, 2026 WL 621356, at *13 (N.D. Ohio Mar. 5, 2026) (Judge Brennan); *Reyes Rodriguez v. Greene*, No. 4:26-CV-333, 2026 WL 574961, at *11 (N.D. Ohio Mar. 2, 2026) (Judge Polster); *Exhavarria Morales v. Noem*, No. 3:25-CV-2691, 2026 WL 100583, at *4 (N.D. Ohio Jan. 14, 2026) (Judge Pearson).  However, at least one judge has concluded that district courts lack jurisdiction to consider such claims.  *See, e.g., Amaya-Velis v. Raycraft*, __ F. Supp. 3d __, 2026 WL 100596, at *2 (N.D. Ohio Jan. 14, 2026) (Judge Calabrese) ("[D]eterminations of bond or detention are discretionary, even under administrative policy in effect until the middle of 2025. For this reason, the Court finds that Congress has not conferred jurisdiction on federal district courts to interpret or apply Section 1225 or Section 1226 of the INA.") (internal citation omitted).

7

However, in this instance, the Court need not address the applicability of §§ 1225 and 1226 because the change in Petitioner's circumstances alters the statutory authority for his current detention and renders his petition moot. Because a federal court's jurisdiction "extends only to actual cases or controversies," they have "no power to adjudicate disputes which are moot." *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Carpenter-Barker v. Ohio Dep't of Medicaid*, 187 F. Supp. 3d 881, 886 (S.D. Ohio 2016) (quoting *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).

Here, Petitioner alleged that he was detained under § 1226(a) and requested that the Court order Respondents to release him or provide him with an individualized bond hearing. (*See* ECF No. 1). However, even if the Court were to accept Petitioner's assertion that his detention was governed by § 1226(a) at the time he filed his petition, that section explicitly indicates that it applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). But in the time since the petition was filed, an Immigration Judge entered an order of removal against Petitioner. (ECF No. 11-5). Notably, once a noncitizen is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')" and "the Attorney General shall detain the alien" during this period. 8 U.S.C. § 1231(a)(1)(A) and (2)(A). The removal period begins on the latest of the following: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and a court orders a stay of removal, the date of the court's final order; or (3) the date the noncitizen is release from detention or confinement that is not pursuant to the immigration process. 8 U.S.C. § 1231(a)(1)(B). Thus, "Section 1226(a) applies when an alien is awaiting a decision on whether he will be removed from the United States. Section

1231(a) applies when an alien has already received a final decision that he will be removed from the United States." *Martinez v. Larose*, 968 F.3d 555, 561 (6th Cir. 2020).

The entry of the removal order—which is final based on the waiver of any right to appeal— means Petitioner is no longer awaiting a decision on removal such that he no longer falls under § 1226(a).  Thus, a ruling on Petitioner's challenge to his detention without a bond hearing would not make a difference to his legal interests and the petition is moot.  *See Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) (finding entry of final order of removal altered the statute governing petitioner's detention and rendered petitioner's challenge to detention under § 1226 moot).

Because Petitioner's challenge to his detention under § 1226 is moot, the Court lacks jurisdiction over his petition.

## VI.    Recommendation

Based on Petitioner's counsel's failure to comply with the order to show cause, I recommend that the Court dismiss the petition without prejudice for failure to prosecute. Alternatively, because Petitioner's challenge to his detention under § 1226 is moot, I recommend that the Court dismiss his petition without prejudice.

Dated: April 23, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).